IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 24 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:21cr94 TSL-FKB

CHALEY JOVAN BREWER

18 U.S.C. § 1343
18 U.S.C. § 641
18 U.S.C. § 1001
18 U.S.C. § 1028A

**The Grand Jury charges:**

At all times relevant to this Indictment:

1. Defendant, **CHALEY JOVAN BREWER**, provided addresses in either the City of Jackson, in Hinds County, Mississippi, or the City of Brandon, in Rankin County, Mississippi.

2. Defendant, **CHALEY JOVAN BREWER**, banked at Lincoln Savings Bank (LSB), headquartered in Waterloo, Iowa.

3. Defendant, **CHALEY JOVAN BREWER**, banked at Keesler Federal Credit Union (KFCU), headquartered in Biloxi, Mississippi.

4. Defendant, **CHALEY JOVAN BREWER**, banked at Metropolitan Commercial Bank (MCB), headquartered in New York, New York.

5. On March 13, 2020, President Trump declared the COVID-19 outbreak a national emergency as of March 1, 2020. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act with the intent of providing expanded Unemployment Insurance (UI) benefits to workers who were unable to work as a direct result of the COVID-19 pandemic. Congress has subsequently passed legislation continuing and expanding UI benefits related to the COVID-19 pandemic.

6. These new programs included federal funding and were implemented by the individual states through their different employment agencies. The money distributed to individual citizens included federal funding from Pandemic Unemployment Assistance (PUA) and Federal Pandemic Unemployment Compensation (FPUC). Under Section 2102 of the CARES Act, the PUA program extended unemployment insurance benefits to individuals who were not traditionally eligible for the benefits. PUA had a minimum amount that was equal to one-half of the state's average weekly benefits. Under Section 2104 of the CARES Act, the FPUC program authorized a supplemental payment of $600 per week to individuals receiving traditional and non-traditional benefits until July 31, 2020. The program was extended, and payments were reduced to $300 in weekly compensation.

COUNTS 1 - 35

7. From sometime in or about April 2020 to in or about July 2020, Hinds and Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CHALEY JOVAN BREWER**, devised and intended to devise a scheme and artifice to defraud the States of Mississippi, Tennessee, Louisiana, Texas, and Georgia, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, transmitted or caused to be transmitted in interstate and foreign commerce certain wire communications for the purpose of executing the scheme or artifice.

MANNER AND MEANS

8. It was a part of the scheme or artifice to defraud that in or about April 2020, defendant, **CHALEY JOVAN BREWER**, applied for UI benefits from the State of Mississippi, through the Mississippi Department of Employment Security (MDES).

9. It was a part of the scheme or artifice to defraud that in or about May 2020, defendant, **CHALEY JOVAN BREWER**, applied for UI benefits from the State of Tennessee, through the Tennessee Department of Labor (TN DOL).

10. It was a part of the scheme or artifice to defraud that in or about June 2020, defendant, **CHALEY JOVAN BREWER**, applied for UI benefits from the State of Louisiana, through the Louisiana Workforce Commission (LWC).

11. It was a part of the scheme or artifice to defraud that in or about June 2020, defendant, **CHALEY JOVAN BREWER**, applied for UI benefits from the State of Georgia, through the Georgia Department of Labor (GDOL).

12. It was part of the scheme and artifice to defraud that defendant, **CHALEY JOVAN BREWER**, used the personal identifying information of "A.R." to submit an online application to MDES and the State of Texas, through the Texas Workforce Commission (TWC), without permission or authorization.

13. It was part of the scheme and artifice to defraud that defendant, **CHALEY JOVAN BREWER**, used the personal identifying information of "M.D." and "M.B." to submit an online application to MDES without permission or authorization.

14. It was part of the scheme and artifice to defraud that between on or about May 6, 2020 and on or about June 3, 2020, defendant, **CHALEY JOVAN BREWER**, knowingly received seven (7) direct deposits from MDES in her KFCU account, no. XXXX1591, in her own name.

15. It was part of the scheme and artifice to defraud that on or about June 2, 2020 defendant, **CHALEY JOVAN BREWER**, knowingly received seven (7) direct deposits from MDES in her MCB account, no. XXXXXXXXXXXX0120, in the names of individuals A.R., M.D. and M.B.,

to which defendant, **CHALEY JOVAN BREWER**, was not entitled. A.R., M.D. and M.B. were not listed as having access to the MCB account.

16. During the course of the scheme and artifice to defraud, between on or about April 29, 2020 and on or about June 9, 2020, defendant, **CHALEY JOVAN BREWER**, knowingly received twenty (20) direct deposits from MDES. Two (2) deposits in defendant's MCB account, no. XXXXXXXXXXXX0120, in the name of individual A.B. A.B. was not listed as having access to the MCB account. Eighteen (18) deposits in defendant's LSB account, no. XXXX2562, in the names of individuals A.B. and J.R. A.B. and J.R. were not listed as having access to the LSB account.

17. It was part of the scheme and artifice to defraud that between on or about May 6, 2020 and on or about July 7, 2020 defendant, **CHALEY JOVAN BREWER**, knowingly received one (1) direct deposit from TN DOL in her KFCU account, no. XXXX7386, in her own name.

18. It was part of the scheme and artifice to defraud that between on or about June 2, 2020 and on or about July 14, 2020 defendant, **CHALEY JOVAN BREWER**, knowingly received eight (8) direct deposits from LWC in her own name. Two (2) deposits in defendant's LSB account, no. XXXX2562. Six deposits in defendant's KFCU account, no. XXXX1591.

19. During the course of the scheme and artifice to defraud, between on or about June 9, 2020 and on or about June 23, 2020, defendant, **CHALEY JOVAN BREWER**, knowingly received eight (8) direct deposits from LWC. Two (2) deposits in defendant's KFCU account, no. XXXX1591, in the name of individual R.J. R.J. was not listed as having access to the KFCU account. Six (6) deposits in defendant's LSB account, no. XXXX2562, in the names of individuals J.R. and B.S. J.R. and B.S. were not listed as having access to the LSB account.

20. It was part of the scheme and artifice to defraud that between on or about June 3, 2020 and on or about July 1, 2020, defendant, **CHALEY JOVAN BREWER,** knowingly received three (3) direct deposits from TWC: one (1) in defendant's MCB account, no. XXXXXXXXXXXX0120; and two (2) in defendant's LSB account, no. XXXX2562. All three (3) deposits were in the name of individual A.R., to which defendant, **CHALEY JOVAN BREWER,** was not entitled. A.R. was not listed as having access to the MCB account or LSB account.

21. It was part of the scheme and artifice to defraud that between on or about June 17, 2020 and on or about July 15, 2020 defendant, **CHALEY JOVAN BREWER,** knowingly received twenty-nine (29) direct deposits from GDOL in her KFCU account, no. XXXX1591, in her own name.

22. During the course of the scheme and artifice to defraud, between on or about July 1, 2020 and on or about July 15, 2020, defendant, **CHALEY JOVAN BREWER,** knowingly received fifty-eight (58) direct deposits from GDOL. Twenty-seven (27) deposits in defendant's LSB account, no. XXXX2562, in the name of individual B.S. B.S. was not listed as having access to the LSB account. Thirty-one (31) deposits in defendant's KFCU account, no. XXXX7227, in the name of individual T.P. T.P. was not listed as having access to the KFCU account.

23. The materially false and fraudulent pretenses, representations and promises made by defendant, **CHALEY JOVAN BREWER,** induced MDES to direct deposit approximately $18,144.00 into defendant's bank accounts.

24. The materially false and fraudulent pretenses, representations and promises made by defendant, **CHALEY JOVAN BREWER,** induced TN DOL to direct deposit approximately $5,872.00 into defendant's bank account.

25. The materially false and fraudulent pretenses, representations and promises made by defendant, **CHALEY JOVAN BREWER**, induced LWC to direct deposit approximately $33,033.00 into defendant's bank accounts.

26. The materially false and fraudulent pretenses, representations and promises made by defendant, **CHALEY JOVAN BREWER**, induced TWC to direct deposit approximately $4,680.00 into defendant's bank accounts.

27. The materially false and fraudulent pretenses, representations and promises made by defendant, **CHALEY JOVAN BREWER**, induced GDOL to direct deposit approximately $37,849.00 into defendant's bank accounts.

28. In furtherance of the scheme, and in order to accomplish its purpose, defendant, **CHALEY JOVAN BREWER**, would then withdraw these UI benefits through ATM withdrawals, electronic transfers, or through cash advances.

29. On or about each of the dates set forth below, in the Northern Division of the Southern District of Mississippi and elsewhere, defendant, **CHALEY JOVAN BREWER**, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date - On or About | From State Program | Amount | Account No. | Financial Institution | Name on Payment |
|---|---|---|---|---|---|---|
| 1 | 5/6/2020 | MDES | $600.00 | XXXX1591 | KFCU | Defendant |
| 2 | 5/11/2020 | MDES | $600.00 | XXXX1591 | KFCU | Defendant |
| 3 | 5/14/2020 | MDES | $600.00 | XXXX1591 | KFCU | Defendant |
| 4 | 6/2/2020 | MDES | $106.00 | XXXXXXXXXXX0120 | MCB | A.R. |
| 5 | 6/2/2020 | MDES | $106.00 | XXXXXXXXXXX0120 | MCB | A.R. |
| 6 | 6/2/2020 | MDES | $106.00 | XXXXXXXXXXX0120 | MCB | M.D. |
| 7 | 6/2/2020 | MDES | $106.00 | XXXXXXXXXXX0120 | MCB | M.B. |
| 8 | 6/2/2020 | MDES | $600.00 | XXXXXXXXXXX0120 | MCB | A.R. |

6

| Count | Date - On or About | From State Program | Amount | Account No. | Financial Institution | Name on Payment |
|---|---|---|---|---|---|---|
| 9 | 6/2/2020 | MDES | $600.00 | XXXXXXXXXXXX0120 | MCB | M.D. |
| 10 | 6/2/2020 | MDES | $600.00 | XXXXXXXXXXXX0120 | MCB | M.B. |
| 11 | 6/2/2020 | LWC | $6,776.00 | XXXX2562 | LSB | Defendant |
| 12 | 6/3/2020 | MDES | $600.00 | XXXX1591 | KFCU | Defendant |
| 13 | 6/3/2020 | LWC | $847.00 | XXXX2562 | LSB | Defendant |
| 14 | 6/3/2020 | TWC | $1,452.00 | XXXXXXXXXXXX0120 | MCB | A.R. |
| 15 | 6/9/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 16 | 6/16/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 17 | 6/17/2020 | TWC | $1,614.00 | XXXX2562 | LSB | A.R. |
| 18 | 6/17/2020 | GDOL | $600.00 | XXXX1591 | KFCU | Defendant |
| 19 | 6/17/2020 | GDOL | $600.00 | XXXX1591 | KFCU | Defendant |
| 20 | 6/18/2020 | LWC | $7,623.00 | XXXX2562 | LSB | B.S. |
| 21 | 6/18/2020 | LWC | $7,623.00 | XXXX2562 | LSB | J.R. |
| 22 | 6/24/2020 | GDOL | $600.00 | XXXX1591 | KFCU | Defendant |
| 23 | 6/25/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 24 | 7/1/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 25 | 7/1/2020 | TWC | $1,614.00 | XXXX2562 | LSB | A.R. |
| 26 | 7/1/2020 | GDOL | $600.00 | XXXX2562 | LSB | B.S. |
| 27 | 7/1/2020 | GDOL | $600.00 | XXXX2562 | LSB | B.S. |
| 28 | 7/7/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 29 | 7/7/2020 | TN DOL | $5,872.00 | XXXX7386 | KFCU | Defendant |
| 30 | 7/8/2020 | GDOL | $600.00 | XXXX1591 | KFCU | Defendant |
| 31 | 7/8/2020 | GDOL | $504.00 | XXXX7227 | KFCU | T.P. |
| 32 | 7/8/2020 | GDOL | $504.00 | XXXX7227 | KFCU | T.P. |
| 33 | 7/14/2020 | LWC | $847.00 | XXXX1591 | KFCU | Defendant |
| 34 | 7/15/2020 | GDOL | $600.00 | XXXX1591 | KFCU | Defendant |
| 35 | 7/15/2020 | GDOL | $504.00 | XXXX7227 | KFCU | T.P. |

All in violation of Title 18, United States Code, Section 1343.

COUNT 36

30. COVID-19 Economic Injury Disaster Loans (EIDL) are different from regular Disaster Loan Program loans. In response to the COVID-19 pandemic, the Small Business Administration (SBA) was given the authority to make low-interest fixed-rate long-term COVID EIDL loans to

7

help small businesses and other entities overcome the effects of the pandemic by providing borrowers with working capital to meet ordinary and necessary operating expenses.

31. Borrowers may use COVID EIDL proceeds to make regular payments for operating expenses and to pay business debt incurred at any time (including business credit card debt), payroll, rent/mortgage, utilities, and other ordinary business expenses. Borrowers may not use the funds to expand their business.

32. When submitting a COVID EIDL application, the small business applicant is explicitly warned, and must acknowledge, that making a false statement in the application and/or submitting false or fraudulent supporting documentation is a violation of federal law.

33. In or about April 2020 to in or about May 2020, in Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CHALEY JOVAN BREWER**, devised and intended to devise a scheme and artifice to defraud the Small Business Administration (SBA), and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, transmitted or caused to be transmitted in interstate and foreign commerce certain wire communications for the purpose of executing the scheme or artifice.

MANNER AND MEANS

34. It was part of the scheme and artifice to defraud that on or about April 14, 2020, defendant, **CHALEY JOVAN BREWER**, prepared and submitted a false and fraudulent EIDL application to the SBA for the business Brewers Styles LLC. The false and fraudulent statements included, but were not limited to, the following:

A. fabricated the date the business was established;

B. false and fraudulent representations regarding "annual operating expenses for the twelve (12) months prior to the date of the disaster (January 31, 2020);"

C. false and fraudulent representations regarding "gross revenue for the twelve (12) months prior to the date of the disaster (January 31, 2020);"

D. false and fraudulent representations regarding "cost of goods sold for the twelve (12) months prior to the date of the disaster (January 31, 2020);"

E. false and fraudulent representations regarding the "non-profit cost of operations for the twelve (12) months prior to the date of the disaster (January 31, 2020);"

F. fabricated her social security number;

G. falsely and fraudulently answering "no" to the question "For any criminal offense – other than a minor vehicle violation – have you ever been convicted, plead guilty, plead nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation (including probation before judgement)."

35. Defendant, **CHALEY JOVAN BREWER**, submitted the application and requested a loan amount of $49,000.00.

36. As a result of these materially false and fraudulent pretenses and representations made by defendant, **CHALEY JOVAN BREWER**, on or about May 5, 2020, the SBA deposited an advance on the loan through wire communication in interstate and foreign commerce the signals and sounds described as follows:

| Count | Date - On or About | From Program | Amount | Account No. | Financial Institution |
|---|---|---|---|---|---|
| 36 | 5/5/2020 | SBA | $1,000.00 | XXXX2562 | LSB |

All in violation of Title 18, United States Code, Section 1343.

COUNT 37

37. That from in or about April 2020 to in or about July 2020, Hinds and Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CHALEY JOVAN BREWER**, willfully and knowingly did embezzle, steal, purloin and knowingly convert to her own use or the use of another, property of the United States, that is, greater than $1,000.00 in funds belonging to the United States of America, by receiving Unemployment Insurance benefits from the Mississippi Department of Employment Security (MDES), the Tennessee Department of Labor (TN DOL), the Louisiana Workforce Commission (LWC), the Texas Workforce Commission (TWC), and the Georgia Department of Labor (GDOL), such UI benefits being funded by the federal government through the CARES Act, to which she knew she was not entitled, and by receiving money from the Small Business Administration to which she knew she was not entitled.

All in violation of Title 18, United States Code, Sections 641 and 2.

COUNT 38

38. On or about April 14, 2020, in Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CHALEY JOVAN BREWER**, in a matter within the jurisdiction of the Small Business Administration, an agency of the United States, did knowingly and willfully make a false and fraudulent statement and representation, that is, she provided a fake social security number \*\*\*-\*\*-1265, when in fact she knew her SSN to be \*\*\*-\*\*-1365.

All in violation of Title 18, United States Code, Section 1001.

## COUNTS 39 - 41

39. On or about the dates specified as to each Count below, in Hinds and Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant, **CHALEY JOVAN BREWER**, during and in relation to a felony violation of Title 18, United States Code, Sections 1343, as indicated below, did knowingly use, without lawful authority, the means of identification of another as set forth in each count below:

| Count | Approximate Date(s) | Means of Identification | Predicate Count(s) |
|---|---|---|---|
| 39 | Between in or about April 2020 and in or about July 2020 | Name, Social Security Number, and Date of Birth of A.R. | 5, 6, 9, 23-24 |
| 40 | Between in or about April 2020 and in or about July 2020 | Name, Social Security Number, and Date of Birth of M.B. | 7, 10 |
| 41 | Between in or about April 2020 and in or about July 2020 | Name, Social Security Number, and Date of Birth of M.D. | 8, 11 |

All in violation of Title 18, United States Code, Section 1028A.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses.

Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a

judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461.

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

*[signature]*
DARREN J. LAMARCA
Acting United States Attorney

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this, the 24th day of August 2021.

*[signature]*
UNITED STATES MAGISTRATE JUDGE